## DANIEL WILLSON and others, Appellants, *v.* E. HERNANDEZ, Respondent.

An administrator having resigned, on settlement, the Judge of the Probate Court found him indebted to the estate in the sum of sixteen thousand dollars, and ordered him to pay it into Court, and upon his refusal to do so, the heirs brought an action on his administration bond. *Held,* that there was no law making the Judge of Probate a fiscal agent, and the decree for the payment of the money into Court was *coram non judice.*

The refusal of the administrator to pay the money into Court was no breach of the conditions of the bond.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The opinion of the Court contains the facts.

*Howard & Perley,* for Appellants.

The condition of an administrator's bond is, that he will faithfully execute the duties of his office to the best of his ability, and according to law. In this case, a sufficient breach was assigned, in order to entitle the plaintiffs to recover.

It is sufficient to assign a breach in the negative words of the covenant. Justices of Franklin County *v.* Willis, 3 Yerg., 461.

The decree of the Ordinary against the principal is evidence against the surety, in an action on the bond. Lucas *v.* Gay, 2 Bailey, 403. Judge of Probate *v.* Gates, 20 Pick., 53. Ordinary *v.* Caldwell, 3 McCord, 225. Anderson *v.* Maddox, Ib., 237.

Judgment against the administrator concludes the sureties as to the nature of the demand. Hobbs *v.* Middleton, 1 J. J. Marshall, 177.

It is not necessary to establish *devastavit* against the administrator before proceeding against him and his sureties upon the bond.    11 Ala., 104.  1 J. J. Marsh., *supra.*

An heir or distributee may sue on an administrator's bond for a failure to account for money received by him, and his right of action accrues as soon as the failure occurs.    State *v.* Campbell, 10 Mo., 724.

*Robert C. & Daniel Rogers*, for Respondent.

The Probate Court is of limited jurisdiction, and is confined to the exercise of those powers given it by statute.    3 Johns. Cases, 107.

It is a clear and salutary principle, that inferior jurisdictions not proceeding according to the course of the common law, are confined strictly to the authority given them.    They can take nothing by implication, but must show the power expressly given them in every instance.    1 Caines, 594, note.

The decree is void, because there is no power conferred upon the Probate Court to make it.

It is also void, because it was made when there was no one sustaining the character of administrator before the Court.    The Court has no jurisdiction over the administrator after he has resigned.    Ingraham *v.* Maynard, 6 Texas, 130.

It is only while the relation of an administrator exists, that the Court can adjudicate on his accounts.    Washburn *v.* Dorsey, 8 Smedes and Marsh., 214.    7 How. Miss. R., 200.

The Court had no jurisdiction of the person—that is, in his character of administrator.

It is a principle universally recognized, that no judgment or decree is binding unless the Court has jurisdiction of the person as well as the subject-matter.    15 Johns., 141.    19 Ib., 33.    11 Wend., 652.

A judgment rendered by a Court having no jurisdiction over the person is a mere nullity; and may be so treated in any Court; it is absolutely void; and may always be assailed.    Mobley *v.* Mobley, 9 Geo., 347.    4 Peters, 474.    11 Wend., 652.

A void judgment is binding nowhere, and may be relieved against without reversal, and may be objected to in a collateral proceeding. Miller *v.* Barkeloo, 3 English, 318, 324.    Campbell *v.* Brown, 6 How. Miss. R., 106.

A refusal, by an administrator, to comply with a decree of the Probate Court, void in itself, is not a breach of the bond. Hancock v. Hubbard, 19 Pick., 167.

There is no right of action during the time intervening between the confirmation of the account and the decree of distribution.

The decree of the Court, of April 5, 1855, is not a decree of distribution; and were it so regarded, there is no cause of action in the heirs, because there was no demand on the administrator.

The non-payment of a distributive share is no breach of the bond, till after demand and refusal. 11 Pick., 498.

There is no power in the Probate Court to decree money to be paid into Court. In no part of the " Act to regulate the Settlement of the Estates of Deceased Persons," is such a power conferred or even contemplated or implied.

Section 579 of this Act, referring to the discharge of administrators states expressly to whom all property and funds shall be delivered.

Section 114 of the same Act expressly negatives any such power of the Probate Court.

*Howard & Perley*, in reply.

In nearly all of the States of the Union, it has been held, that the Probate Court and Orphans' Courts are possessed of full and entire jurisdiction in relation to all testamentary cases. Apperson v. Cotteral, 3 Port., 51.

The decrees of the Probate Court cannot be reversed collaterally, unless for fraud, or there is a defect apparent on the face of the proceedings. 3 Wash. C. C. R., 475. 14 Serg. & R., 184. 11 Ib., 431.

In Mississippi, the Probate Court has been held to have full and exclusive jurisdiction in all matters pertaining to estates and administrators. 2 How. Miss. R.

In New Jersey, the Orphans' Court partakes of the powers of chancery jurisdiction. Coxe, 153.

And it has been decided in this Court, that all probate power is, to a certain extent, the exercise of chancery power.

So also has the Orphans' Court in Pennsylvania, in case of McPherson v. Cunliff, 11 Serg. and R., 426. The Court say the Orphans'

Court has chancery powers, is conducted by chancery rules and acts, and is governed by the principles of a Court of Equity. The Probate Court is a Court of Record: Comp. Laws, 753, § 83.

In Massachusetts, it has been held that the Probate Courts had equity powers in many cases. 8 Pick., 29. In this case, the Probate Court had full jurisdiction over the subject matter, and over the person of the administrator. And a decree of this Court on a matter within its jurisdiction, is conclusive, until reversed on appeal or writ of error. 1 Nott & McCord, 326. 2 Watts, 267. 1 Rawle, 357.

Unless an appeal is interposed, the ordinary decree as to all matters of account is conclusive of the fact, that the administrator was legally cited to account, and of the items composing the account, so as to debar a court of law from investigating the writs. 2 Bai., 6. 3 McCord, 225.

The true rule, as applicable to Probate Courts, is laid down in the case of Swiggart v. Harber and others, (4 Scam., 371,) and is in these words: "If the Court, in rendering a judgment, had jurisdiction of the person of the defendant, and of the subject matter of the suit, then, whether its decisions were correct or not, the judgment, until reversed, is binding in every other Court." But if there was a total want of jurisdiction in the Court, and it therefore acted without authority in the premises, its proceedings are not merely voidable but void, and a nullity; confirming no rights and affording no protection to those claiming or acting under them, and consequently should be rejected, although unreversed. And the rule is laid down by the Supreme Court of the United States in the following cases. 1 Peters, 340. 2 Ibid., 163, 169. 10 Ibid., 474. 2 How., 338.

If there is only error or irregularity in the decree of the Probate Court, it cannot be collaterally attacked; but the defendant must resort to appeal or writ of error. But in a suit on a bond against sureties, the Circuit Court will not examine the regularity of the proceedings on which they ordinarily founded a decree of a sum due by the administrator, for non-payment of which, the bond is put in suit. Lyles v. Brown, Harper, 31.

It is contended by the respondent, that the decree of the Probate Court is absolutely void, on several grounds, which will be separately examined.

First, Because the administrator had resigned his trust before the decree was made, and that the Court had therefore lost all jurisdiction over him. To this point the appellants reply—

1st. An administrator cannot, by a resignation of his authority, avoid any of the liabilities imposed upon him by law, and he can only be discharged from an action by showing full administration, or want of assets. Driver v. Riddle, 8 Port., 343. Neither can he avoid the rendition of such decree, as may be a regular process for assets unadministered at the time of his resignation. Thompson v. Blackwell, 5 Stew. and Port., 181.

2d. The Probate Court has power, by statute, to revoke the letters of administration, or to suspend the administration. See Probate Act, §§ 81, 86, 112, 95, 230.

And after the revocation of his powers, the administrator may be called to account to the Probate Court, at the instance of any person succeeding to the administration in the same manner as he could whilst he was administrator. Sec. 229, Probate Act.

If his letters then had been revoked, he might still have been called to account, and if there was no other administrator appointed, it is clear that the heirs succeed to the administrator, and might equally call him to account; for an administrator is only a trustee for heirs, creditors, and legatees. Any creditor might have called him to account.

The same rule undoubtedly obtains in case of resignation. If an administrator could obtain possession of property, and then avoid accounting by resignation, the law would be most lamentably defective, and the administrator would be enabled to defraud the estate with impunity.

3d. The decree shows that the administrator voluntarily offered in Court, in person, and by counsel, in order to have his accounts finally settled. In this case, if the jurisdiction had been lost, the offer would have restored it. "Where a Court once had jurisdiction, and have so exercised it that their power over a case is gone, consent might still restore it." Brown v. Crow, Hardin, 44. Boyle v. Fitzburgh, 2 Wash., 213.

4th. The Probate Court had no power to allow the administrator

56

to resign, unless he had first settled his accounts, and delivered over all property in his hands to the parties who are entitled to it. Sec. 100, Probate Act.

The resignation then was void, and not the decree. The case cited, 7 Howard, does not sustain this point. The case found in 6 Texas R., depended on statute law.

Second, It is contended that the decree is void—because the Court had no power to order the money to be paid into Court—that a decree of distribution should have been made pursuant to notice, &c. To this proposition, the appellants reply—

1st. It has been shown, that to a certain extent the Probate Court exercises chancery powers; and clearly could attorneys, upon a suggestion that trust money was in danger, order it to be brought into Court. In this case, the power to order money into Court is expressly given by statute to the Probate Court. Sections 243, 244, Probate Act.

Neither the administrator or sureties have any right or authority to question the order of the Court, as to whom the money should be paid, or where it should be paid. People v. Falconer, 2 Sand., 83. The Court clearly had jurisdiction in case there were any contingents or disputed debts at the time of settlement, to order the money into Court, either to be paid to the claimants, or to be distributed as the case might require.

It must be presumed that the Court rightly exercised its authority, until the contrary is proven. If, however, the Court was wrong in ordering the money into Court, it is mere error or irregularity, which could only be corrected on appeal. The Court had the power to order the money due in the accounting to be paid somewhere; and if it was not ordered to be paid to the right person, or in the right place, it is only error, and does not render the decree void. 2 Mass., 124. 7 Ibid., 83.

The Orphans' Court of Pennsylvania may order money to be paid into Court for distribution. 1 Penn., 322.

Neither principal or surety can gainsay the Surrogate's jurisdiction in any proceedings for the assets, which the appointment and bond have enabled the principal to recover. People v. Falconer, 2 Sand., 83.

2d. The Court is not obliged to make distribution at the time the account is settled, but may do so at any time afterwards. Sec. 258, Probate Act; p. 414 Compiled Laws.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The administrator of an estate having resigned, appeared in the Probate Court to have a final settlement of the accounts. After the hearing, the Judge found him indebted to the estate in the sum of sixteen thousand dollars, and ordered him to pay it into Court. Upon his refusal to do so, this action was brought on the administration bond by the heirs.

Upon the resignation of the administrator, it was first the duty of the Court to appoint another, who alone would be competent to receive the estate from the retiring administrator, and complete its administration. Or if the estate was in a condition for distribution, then to decree severally in favor of the distributees against the administrator; for either he must pay the moneys of the estate to an administrator, who is the only proper custodian, or to the distributees to whom it belongs.

There is no rule to be derived, either from the ecclesiastical law or our statute of estates, which makes the Judge of Probate a fiscal agent, either to keep or disburse the money of an estate.

It follows, that the refusal of the administrator to pay the money into Court was no breach of the conditions of the bond. That portion of the decree which requires it, is *coram non judice.*

Judgment affirmed.