HUSTON v. ROOTS and Another.

EVIDENCE.—*Deposition.*—On the trial the court suppressed the answer to this question in a deposition: "State what would be the duty of a commission merchant in this city by the custom of trade here, in reference to the sale of a lot of lard, upon the receipt from the owner of such letters as are hereto attached, and marked 'Exhibit A and B'"

*Held*, that it was sufficient to justify the court in excluding the answer, that no such letters as were set forth in the exhibits were introduced on the trial, were there no legal objection to a witness' placing a construction upon a written paper.

APPEAL from the Fayette Circuit Court.

RAY, C. J.—The appellees, commission merchants in the city of Cincinnati, sued the appellant for money advanced for the purchase of lard, which was not repaid in full by the sale of the same. Answer, denying the complaint, and a special paragraph alleging that the loss occurred by the failure to sell the lard when instructed so to do. A reply in denial.

On the trial the court suppressed the answer to the following question, contained in the deposition of a commission merchant doing business in Cincinnati, Ohio, where the sale was made:

"State what would be the duty of a commission merchant in this city, by the custom of trade here, in reference to the sale of a lot of lard, upon the receipt from the owner of such letters as are hereto attached and marked 'Exhibit A and B.'"

It was sufficient to justify the court in excluding the answer, that no such letters as were set forth in the exhibits were introduced on the trial, were there no legal objection to a witness' placing a construction upon a written paper.

The finding was for the appellees, in the sum of nineteen hundred and twenty-four dollars and ninety-nine cents. On the trial the appellees introduced in evidence the following letters:

"Connersville, February 6th, 1866.

"Messrs. Roots & Co., I wish you to buy me one hundred

Huston *v.* Roots and Another.

tierces of lard, not to exceed seventeen and three-fourth cents per pound, and I will send, as a margin, five hundred dollars, next week or the first of the week after. Money is very scarce here in the country, but if you buy that, I will try and raise some more means, so as to make the investment larger. Answer as soon as you can.

Yours truly,        W. H. HUSTON."

"Connersville, February 9th, 1866.

"Messrs. Roots & Co., Yours of the 7th is at hand. If you can't buy the lard at seventeen and three-fourths, buy at eighteen, and advise me without delay—that is, as soon as you buy.        Yours respectfully,

W. H. HUSTON."

The next letter of February 16th, 1866, acknowledged the receipt of notice of the purchase of the lard, and the statement that Roots & Co. were to carry the investment at the rate of ten per cent. interest per annum. A witness was introduced who proved the purchase of the lard at eighteen cents per pound, and the sale from the 2d to the 4th of April, at twelve cents per pound, the best price at that date. Drayage, storage, insurance, government tax, commissions, and interest, after adding the margin deposited by the appellant to amount realized by the sale, left a balance due of two thousand and thirty-three dollars and fifty cents. The following letters were introduced by the appellant.

"Connersville, Ind., September 3d, 1866.
"Messrs. Roots & Co., Cincinnati, Ohio:

Dear Sirs, My business is at present so pressing that I cannot well leave. I discover that lard does not advance as was generally expected, and I would be pleased to have a letter from you, with an expression of your views as to future prices in that and provisions. I will endeavor to come down shortly.

Yours respectfully,        W. H. HUSTON."

"Cincinnati, Sept. 22d, 1866.
"William H. Huston, Connersville, Ind.:

Dear Sir, Since you were here we have made some in-

quiries about telegraphing and shipping to New Orleans. We find it very uncertain selling lard to arrive, and even if we should make a sale, in case the market declines the party would not probably take it, and altogether it is a very uncertain thing, and not at all advisable.

Very respectfully,       Roots & Co."

"Connersville, October 15th, 1866.

"Messrs. Roots & Co., After my respects to you, if you have not sold my lard, I think it is really time to realize what is in it, as you know in Connersville I gave you to do what you thought best with the lard. Please exercise your own judgment when to sell, but don't put it off too late. I wish you would buy me from two hundred to five hundred bushels of clover seed at the market price, soon; be sure to get a good quality. If you get it, let me know, and I will send you a fair margin. I have full confidence in your judgment, that you will act for my interest as well as your own. Please answer without delay.

Yours respectfully,       W. H. HUSTON."

This answer was introduced by appellees:

"Cincinnati, Oct. 18th, 1866.

"W. H. Huston, Esq., Connersville, Ind.:

Dear Sir, Your favor of the 15th is at hand. Our lard market is very dull at fifteen to fifteen and one-fourth cents, at which price we decline selling without positive instructions from you." We omit the portion of the letter in regard to clover seed. It closes, "we hold about the same quantity of lard that you do on our own account, which we decline selling, but if you say sell yours, we will do so.

Yours truly,       Roots & Co."

Answered, as follows:

"Connersville, October 29th, 1866.

"Messrs. Roots & Co., If you have not bought the clover seed yet, I would rather you would hold off until I see you. I think you had better sell my lard as soon as you can, for there ain't *any bottom* to it.

Yours truly,       W. H. HUSTON.

"Cincinnati, Nov. 3d, 1866.

"W. H. Huston, Esq., Connersville, Ind.:

Dear Sir, Your favor of the 29th ult. is at hand. We have not purchased any clover seed for you and think your not purchasing for the present is very prudent. We have not sold your lard. On the receipt of your letter, lard was only worth thirteen cents; we were offered today thirteen and one-fourth cents, which may be considered the full market figure; but we are of the opinion that it will do better. If you say positively to sell, we will do so. Answer.

Yours truly, Roots & Co."

"Cincinnati, Dec. 31st, 1866.

"W. H. Huston, Esq., Connersville, Ind.:

Dear Sir, Since our respects of 3d ult., we are without any of your favors. Your one hundred tierces of lard is still on hand, unfortunately, and would not sell at over twelve cents. It is a choice article and we think should bring that figure. Please advise us whether to hold or sell. We will do either, and would be pleased to hear from you on the subject. Yours respectfully, Roots & Co."

"Connersville, Ind. Jan. 5th, 1867.

"Messrs. Roots & Co.: Gentlemen, Yours of 31st December is at hand, and in reply, I would say that on or about the 10th of last September, I ordered you to sell the lard of which you speak; since that time I have regarded it at your risk. I therefore have no instructions to give you in relation to it. Yours respectfully, W. H. Huston.

N. B. But I am willing to do what is right, as an honorable man. W. H. H."

We regard it as our clear duty to aid the appellant in this expressed willingness "to do what is right, as an honorable man," by an affirmance of the judgment below, with six per cent. damages added thereto in this court. This aid is sorely needed, if the postscript be as false in fact, as the body of the letter is upon its face. In the letter of the 15th of October, the appellant expressed his entire confi-

dence in the appellees, and requested them to exercise their own judgment when to sell. The failure to answer the letter of November 3d, 1866, requesting positive instructions as to sales, seems to have resulted from a conviction on the part of the appellant that he had placed himself in a position where, if lard advanced, he might receive the benefit, and if it were sold at an additional loss, he might protect himself by the plea he has made in this case. The effect of the correspondence was to leave the sale to the judgment of Roots & Co., with a strong expression by appellant of his own opinion on the subject.

It is assigned as error, that the court did not instruct the jury as to the legal effect of the letter given in evidence of the date 29th of October, 1866.

No instructions were asked on the subject, nor would an instruction limited to that letter have been proper. No instructions are set out in the bill of exceptions. A paper is attached to the record containing what may have been instructions. It is unsigned, and there are no exceptions noted. If the construction we have placed upon the entire correspondence, had been given to the jury, it could not have aided the appellant materially.

The judgment is affirmed, with costs and six per cent. damages.

*J. S. Reid, J. C. McIntosh, S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellant.

*B. F. Claypool,* for appellees.