(39 App. Div. 598.)

### CLARK v. RITER-CONLEY CO.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. MASTER AND SERVANT—NEGLIGENCE—UNSAFE APPLIANCES.

Laws 1897, c. 415, § 18, providing that an employer shall not furnish unsafe appliances, or allow such to be used, so as to be dangerous to life or limb of employés, has no application where the injury was due to the breaking of a derrick boom, caused by an undue strain thrown on it by the negligence of an employé, and which might have been averted had the employé used available ropes furnished by the employer.

2. SAME.

An employer who furnished appliances which would have averted the injury was not guilty of negligence, where the injury was due to the failure to use the appliances furnished.

3. SAME—FELLOW SERVANTS.

A foreman assisting a crew of laborers in hoisting an iron plate by means of a derrick is a fellow servant.

4. EVIDENCE—HYPOTHETICAL QUESTIONS.

Hypothetical questions assuming the existence of material facts not proven are incompetent.

Appeal from trial term, New York county.

Action by Joseph Clark, as administrator, against the Riter-Conley Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William P. Burr, for appellant.
Herbert C. Smyth, for respondent.

PATTERSON, J. The plaintiff's intestate, an employé of the defendant, was killed while engaged, with other servants of the defendant, in the work of construction of an iron tank. The plaintiff sues to recover damages, alleging that the death was caused by the negligence of the defendant. The allegations of the complaint respecting the imputed negligence are that the intestate was working under the direction of the defendant and its foreman on the top of the iron tank, "and while so working and engaged in assisting to hoist, by means of a derrick erected on the top of the

said tank, an' iron plate of great size and weight, to wit, of the weight of between ten hundred and twelve hundred pounds, the said derrick broke, and the arm of the same struck said intestate, and he was thereby thrown violently from the top of the said tank to the ground, some forty feet away from said tank, and thereby sustained a fracture of the skull, from which he soon thereafter, and on the 8th day of January, 1898, died." It is further alleged that said death was "caused solely by the recklessness, carelessness, and willful negligence of the defendant, its agents and servants, in failing to provide proper appliances and machinery, and a sufficient number of men, to safely operate said derrick and hoist said iron plate." The attribution of negligence, therefore, is in the construction of the derrick, the failure to provide proper appliances and machinery to hoist the iron plate, and a sufficient number of men to operate the derrick in safety. The complaint was dismissed at the close of the plaintiff's proof, and the appeal is from the judgment entered upon such dismissal.

The evidence introduced in support of the action was insufficient to establish negligence, as charged in the complaint, or any other species of negligence which would render the defendant liable. There is no evidence whatever of any defect in the scaffold, or of the want of a sufficient number of men to operate the derrick and hoist the iron plate safely, or of the want of proper construction of the derrick itself, or of the want of provision of proper appliances and machinery to operate the derrick. The facts proven are that this defendant was constructing a large tank of cylindrical shape, and made of bent iron plates or sheets; those plates being put in place in upright courses, one above the other. At the time of the accident, the tank was built up to a height of about 60 feet. In the interior was a scaffold, upon which men worked, and on which stood a derrick used in hoisting the plates. That was the derrick, the arm or boom of which broke, and a part of which struck the plaintiff's intestate. The method of raising the plates from the ground was that they were first attached to a large derrick operated by steam, and standing in a house. When they were thus lifted to the highest point that could be reached, they were transferred to tackle connected with the derrick on the scaffold in the tank, and were then raised to be put in place on the tank by men operating the smaller derrick on such scaffold. The process of making the transfer from the large derrick to the tank derrick was that the foreman in charge of the work on the tank would go outside, descend on the tackle, disconnect the iron plate from the large derrick, connect it with the small derrick, and then, he giving a signal, the men inside the tank would work the ropes to draw up the plate to be put in place. The foreman, returning to the top of the tank, would keep the plates from striking the side of the tank, by pushing them out, as they swung in, with his feet. The death of the plaintiff's intestate was caused by the breaking of the tank derrick under the following circumstances, viz.: A plate of iron transferred to the tank derrick was being raised to be put in place; it swung in towards the tank; the

foreman did not ward it off, and it struck the side of the tank, and became caught or wedged under rivet or bolt heads protruding from the side of the tank, or the angle iron at the top of a course of plates in place; and, while thus caught, and immovably fixed by the workmen inside still pulling upon the ropes, the excessive strain bearing upon the derrick boom caused it to break, and a piece of it, in falling, struck the plaintiff's intestate, and hurled him from the scaffold.

The plaintiff claims, in the first place, that the defendant is liable because of a violation of the provisions of section 18 of the labor law (Laws 1897, c. 415), and under the interpretation given to that section by this court in Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615. That section of the statute has no application to this case. There is no proof of the employer providing insufficient scaffolding, hoists, stays, ladders, or other mechanical contrivances in and about the work of raising this plate, nor anything which was not "so constructed and operated as to give proper protection to the life and limb of a person" employed or engaged on that work. All that is claimed in this action, as bringing the case within the operation of this statute, is that guy ropes were not attached to the bottom of the plate as it was being hoisted, so that it might be controlled from below, and thus the swinging in be prevented. But there were 1,000 feet of rope on the premises and at the work. It was furnished by the defendants, and could have been used as guy ropes, if the men had chosen to use it. Provision was thus made, even it it were shown that their use was proper or necessary. It is further urged that, irrespective of this statute, the liability of the defendant is made out because the plaintiff's intestate was working in a place that might become dangerous, and some provision should have been made in anticipation of the occurrence that actually happened. But here, again, it is quite clear that all that was necessary to avoid the accident was the use of guy ropes, and they were provided.

The negligence shown in the case, if any, is that of a fellow servant of the plaintiff's intestate, either in omitting to use the rope provided, or in giving a signal to the men operating the derrick to desist from pulling, when the plate became caught, and thus relieve the strain, or in having the arm of the tank derrick raised so high that the position of the plate was such that it was forced in under the bolt or rivet heads or angle iron, and was immovably fixed there in consequence of the continued pulling upon the ropes.

The plaintiff urges that he was prevented from giving proof of the insufficiency of the derrick to sustain the weight of the plate. But the evidence offered on this subject was objectionable because the hypothetical question in each case involved a material fact which had not, at the time the question was asked, been established by the evidence. The imputed negligence of the defendant was only in not using guy ropes, and that view of the case was acquiesced in by the plaintiff's counsel on the trial, who admitted that, but for the undue strain put upon the derrick, it would have

been sufficient, probably, to accomplish the purpose for which it was erected. No other exception requires consideration.

The judgment must be affirmed, with costs. All concur.