RUSCHER, Respondent, vs. CITY OF STANLEY, Appellant.

*January 12—February 2, 1904.*

*Municipal corporations: Sidewalks: Personal injuries: Negligence: Notice of injury: Sufficiency: Evidence: Contributory negligence: Appeal and error: Questions submitted in special verdict: Construction: Excessive damages.*

1. In an action for personal injuries by reason of an alleged defect in a sidewalk of defendant city, the notice thereof to the city considered, and *held* to comply with the requirements of sec. 1339, Stats. 1898, and to describe the place of injury and

insufficiency complained of with sufficient particularity to in-
form the city of the place of the accident.

2. In such case, the insufficiency alleged consisted in a loose board
on which plaintiff tripped, which caused him to fall and sus-
tain injuries. It appeared from the evidence, among other
things, that, on the day succeeding the accident, the city of-
ficers made a minute inspection and found no board loose;
that the day following the service of the notice the city attor-
ney, with others, made an inspection, including the place of
the accident, and that some days thereafter the city attorney
and mayor again examined it, and found one end of a plank
loose at the place of accident. *Held*, that such facts left no
room for a claim that defendant was misled as to the place of
injury, and thereby prevented from making the necessary in-
spection.

3. In an action for personal injuries alleged to have been occasioned
by the insufficiency of a sidewalk, testimony of a witness, to
whom plaintiff pointed out the place of the accident, that he
saw loose planks in the walk, is competent and material as
tending to show the nature of the insufficiency at the place of
the accident.

4. In an action for personal injuries, the evidentiary facts before
the court examined, and *held* that several hypothetical ques-
tions propounded to a witness as an expert were properly ex-
cluded.

5. In an action for personal injuries where the record, supported
by the judgment of the trial court, shows that the plaintiff
was free from any want of care contributing to produce the ac-
cident, defendant cannot complain of a refusal to submit the
question of plaintiff's contributory negligence to the jury.

6. The findings of a special verdict should be interpreted so as to
harmonize with each other if it is reasonable to do so under
the facts and circumstances of the case.

7. When, in an action for personal injuries, in answering one ques-
tion of a special verdict the jury find that the sidewalk in
question was defective, and by the answer to another question
that the defendant was injured thereon as a natural and prob-
able result of the defective condition, and that the city of-
ficers should have anticipated such an injury might result
from the defect, the latter finding necessarily implies that the
sidewalk was not reasonably safe for public use.

8. In an action for personal injuries sustained by a fall on a de-
fective sidewalk, where it appeared, among other things, that
plaintiff sustained a severe shock to his nervous system, at-
tended by fever; that he endured much pain and general im-

pairment of health; that he was confined to the house about a month, and that he incurred liability for medical attendance· of $125, a verdict of $750 is *held* not to be excessive.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge.   *Affirmed.*

An action by respondent to recover damages for personal injuries alleged to have been sustained by reason of the insufficiency and want of repair of a sidewalk in the city of *Stanley*. It appears that respondent was in the city of *Stanley* on the evening of December 5, 1901, and while walking on the east side of Willard street, in company with one Boardman, was tripped by a loose board in the walk, which ·caused him to fall and sustain injuries. The jury found these ·facts by special verdict: (1) There was a defect in the sidewalk, as claimed by respondent, at the time and place in question.   (2) The sidewalk in question was insufficient and in want of repair for such a length of time before the accident that the officers of the city, in the exercise of reasonable care, should have discovered this defect, and have repaired ·it, before the injury; and therefore the defect had existed a sufficient length of time before the accident to give appellant notice to repair.   (3) That the defect complained of was the ·proximate cause of respondent's injuries.   (4) That respondent sustained damages, as a result of the injuries, in the sum of $750.   It further appears that the defect complained of consisted of loose planks in the sidewalk, laid upon stringers; and that the place of defect was in the walk on Willard street, about six to eight feet south from Bartlett street and about 200 feet north from the Wisconsin Central railway track on Willard street.   Respondent served notice on December 13, 1901, under sec.· 1339, Stats. 1898, of the place and the nature of the insufficiency, and that damages were claimed. .After verdict, appellant moved to change the answer of the jury in the special verdict rendered, and for judgment in its ·favor, which was denied, and thereupon moved to set aside

the verdict and for a new trial. This motion was denied, and judgment was ordered and entered upon the verdict in favor of respondent. This is an appeal from the judgment.

For the appellant there was a brief by *C. B. Culbertson,* attorney, and *James Wickham,* of counsel, and oral argument by *Mr. Wickham.*

*W. M. Bowe,* for the respondent.

SIEBECKER, J. Appellant claims that the notice given the city of the place where the injury occurred, and describing the insufficiency complained of, with a demand for damages, did not comply with the requirements of sec. 1339, Stats. 1898. The notice stated that respondent sustained damages from a personal injury caused by reason of the insufficiency and want of repair of the sidewalk "extending upon and along the east side of Willard street and on the north side of the Wisconsin Central (Line) Railroad track, at a point south from the crossing of Willard and Bartlett streets about one third the distance between said crossing and the said railroad track, . . . and that the insufficiency and want of repair of said sidewalk consisted of a loose, rotten plank and rotten stringers." There was evidence showing that respondent, in company with the witness Boardman, was walking on this sidewalk toward Bartlett street; that it was at about eight o'clock in the evening, and dark; that respondent walked on the side nearest the traveled portion of the street, carrying a lantern in his right hand; that Boardman stepped on a plank of the sidewalk, which flew up, and caused respondent to fall and sustain injuries. The sidewalk from the railway track to Bartlett street was a uniform and continuous walk, consisting of plank boards, laid crosswise, fastened to stringers. At the place of the alleged insufficiency the walk was raised about two feet above the surface of the ground. The notice is attacked for indefiniteness in describing the place and the insufficiency complained of. It does not at-

tempt to give the place by exact description of some particular portion of the walk located by a fixed object or point, but. describes it as within the walk on the east side of Willard street, north of the railway track, at a place, south from the crossing of Willard and Bartlett streets about one third the distance between the crossing and the railway track. Respondent asserts the notice indicates and was intended to fix the place of insufficiency at about one third this whole walk south from the north and only sidewalk crossing on Willard and Bartlett streets, while appellant insists that the crossing designated can only be applied to the south line of the cross-street. Taking the notice as interpreted by respondent, the place of accident, as found by the jury, would nearly correspond to the point indicated in the notice. It must be observed, however, that the notice did not specify the place by exact measurement from any fixed object or point, but located it at a place about one third of the distance south from the street crossing of Willard and Bartlett streets to the railway tracks. Taking the notice to designate a place about. one third of the distance south from the south line of Bartlett street, it still describes the place with sufficient particularity to inform the city of the place of insufficiency. It would be an unreasonable limitation upon the terms of the notice to hold it did not describe the place with sufficient certainty.

It is urged that appellant's officers were in fact misled by the notice, and therefore had no opportunity to make careful inspection of the place of accident immediately after it happened, and were unable to ascertain the facts and circumstances concerning the alleged insufficiency. The evidence shows that some of the city officers made a minute inspection of this sidewalk on the day succeeding the accident, to ascertain whether planks were loose, or otherwise out of repair; that they examined every plank, and found none loose, nor discovered any other defects. It also appears that

on the day following the service of this notice the city attorney, with others, made an inspection and examination of the sidewalk, including the place of accident; and some days thereafter he and the mayor again examined it, and found one end of a plank loose at the place of accident. These facts can leave no room for claiming that respondent misled the city as to the place of injury, and thereby prevented the necessary inspection and examination of the place of insufficiency found by the jury. Nor do we find evidence tending to support the claim that respondent intended to mislead the city officers in respect to any requirements of the notice. The trial court's rulings upon these questions are fully sustained by the record.

Error is assigned upon rulings in the admission and exclusion of evidence. The witness Blaisdell testified he saw loose planks in the walk at the place where respondent fell, in the month of November, and that respondent showed him the place of accident. Respondent testified that he pointed out the same place to this witness, described in his testimony, as the place of defect and accident. This testimony was competent and material as tending to show the nature of the insufficiency at the place of accident.

Several hypothetical questions were propounded by appellant's counsel to Dr. Lyman as an expert. The first question pertains to loss of motion in respondent's limbs, and was predicated upon the fact that he had suffered a former injury. This inquiry was properly excluded upon the ground that there was no evidence of such former injury. The two succeeding inquiries were directed to elicit the doctor's opinion whether a spinal injury could result from falling forward upon the anterior portion of the body while walking on a sidewalk. The court sustained an objection to the first question because the hypothesis failed to include necessary facts then in evidence, and to the second for the same reason, and that it was improper in form. An analysis of the

hypothesis and inspection of the evidentiary facts before the court show the rulings were proper upon both grounds.

It is contended that the court erred in refusing to submit, as requested by appellant, the question of respondent's contributory negligence. Is there room for conflicting reasonable inferences upon the question of contributory negligence upon the facts and circumstances surrounding the accident? From the evidence above alluded to it appears that the accident occurred at about eight o'clock in the evening of December 5th; that there was no light except what came from the lantern carried by respondent; that the loose plank lay in place on the stringers, and flew up before him when Boardman, who walked beside him, stepped on the other end. Nothing appears tending to show respondent had knowledge of the defective condition of the walk. The nature of the defect, its concealment from ordinary observation in daylight, seems quite apparent. That it must have been obscured from view to one passing over it at night, is not a debatable question. Nor is there anything in the manner of its occurrence or the attending circumstances of the accident indicating any want of care by respondent contributory to produce the injury. Upon this state of the record, showing respondent was free from any want of care contributing to produce the accident, supported by the deliberate judgment of the trial court that the evidence did not tend to show contributory negligence, we must hold that appellant has no grounds to complain of the refusal to submit this question to the jury. *Nicoud v. Wagner,* 106 Wis. 67, 81 N. W. 999; *Bohn v. Racine,* 119 Wis. 341, 96 N. W. 813.

It is argued the court erred in holding that the street was not a reasonably safe one for public use under the finding of the jury by the special verdict. The first question of the verdict is, Was there a defect in the sidewalk at the time and place in question? This the jury answered in the affirmative. Counsel assert this is not sufficient to establish liability

against the city under the ruling in the case of *Rhyner v. Menasha,* 107 Wis. 201, 83 N. W. 303, where it is claimed a like verdict was held insufficient to show the street was not in a reasonably safe condition for public use. This contention is answered by the court in *Byington v. Merrill,* 112 Wis. 211, 88 N. W. 26. In speaking of the question determined in the *Rhyner Case,* it is stated that:

"The court had under consideration a finding in a special verdict that a street was 'defective, or in a dangerous condition, or out of repair;' and it was said, in effect, that such a finding might be true, and the street yet be in a reasonably safe condition for public travel, not insufficient or wanting in repair, which is the test to be applied in measuring a duty of a municipality in caring for its streets under sec. 1339, Stats. 1898. The vice in this question was in several things being stated in the disjunctive when either, or some one of them at least, might exist, and the street be all that the statute required it to be. The court did not decide expressly or by reasonable inference that it is necessary to allege in terms in an action of this kind that the public way involved was not reasonably safe for public use by persons in the exercise of ordinary care, but decided that it must be alleged, proved, and found, in order to support a recovery by the plaintiff, that the public way was in want of repair or insufficient; and that an allegation or finding in that regard in the language of the statute or in the language embodying the judicial construction of the statute is necessary."

In the instant case the court gave the following instruction to the jury in connection with this question in the special verdict:

"If you are of opinion that at the time and place in question the sidewalk was in a reasonably safe condition ·for travel, your answer to this question will be 'No,' otherwise it will be 'Yes.'"

This instruction informed the jury that in answering the question as they did they must find, in effect, that the defect was such an insufficiency and want of repair making it a highway not reasonably safe for public use. The further

finding of the jury that such defect was the proximate cause of the injury supports this conclusion. In the recent case of *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105, it is stated in the opinion of Justice WINSLOW:

"That the question of proximate cause is necessarily present in every case of personal injury where the damages are claimed of another by virtue of common-law principle cannot be doubted. No good reason is perceived why the same principle does not apply to cases of highway injuries like the present, although the liability in such cases is based upon statutory provisions."

And further:

"Let it be granted that the duty of the town is to make the highway reasonably safe in fact. The question is, what is the standard to be applied by the jury in determining the question of safety in fact? If the jury be charged that they must determine the question of reasonable safety from all the facts in evidence concerning the condition of the road, must they not necessarily use their own judgment in the matter, and consider in their own minds whether, as reasonable men, they would have anticipated that injury would happen to a traveler? What other abstract test can there be of the reasonable safety of a highway except the test of reasonable liability to cause accident or injury to the traveler?"

In answering the first question the jury finds that the sidewalk was defective, and the answer to the third question finds that the respondent was injured thereon as a natural and probable result of the defective condition, and that the city officers should have anticipated such an injury might result from the defect. This last finding necessarily implies that the sidewalk was not reasonably safe for public use. The findings of the special verdict should be interpreted to harmonize if it is reasonable to do so under the facts and circumstances of the case. The evidence in this case is abundant to support the finding that the sidewalk was not reasonably safe for public use at the time and place in question, and that such defect had existed for a sufficient length of time be-

fore the accident that the city officers, by the exercise of reasonable care, should have discovered and repaired it before it occurred, and that this condition was such that they should have anticipated that it was likely to cause such an injury.

This leads us to the conclusion that the verdict finds facts which constitute a cause of action, and disposes of most of the exceptions preserved to the charge of the court. It may be well to repeat the suggestion of the court made in the *Byington Case* that it would simplify the practice upon this subject to submit the inquiry in the special verdict upon this issue in the form: "Was the sidewalk at the time and place of the injury in a reasonably safe condition for public use?" accompanied by the usual instruction that reasonable safety of a public highway used by persons in the exercise of reasonable care is to be determined under the circumstances of its location, amount of use, and nature of travel thereon, and other circumstances established by the evidence, showing the conditions surrounding the insufficiency complained of. We find no error in the portion of the charge further excepted to by appellant, nor in the refusal to charge as requested by it.

The amount awarded by the jury as damages for the injuries sustained is claimed to be excessive. One of the grounds upon which this part of the verdict is assailed is that the testimony of Dr. Selden, respondent's attending physician, was received and submitted to the jury over objection to his competency. Sufficient facts appear in the record to show that the witness was qualified to testify on the subject to which his evidence was directed, and that it was properly admitted. There is evidence tending to support the contention that respondent sustained quite a severe shock to his nervous system, attended by fever; that he endured much pain and suffering, and a general impairment of health, confining him to his house for about a month; that he was disabled from attending to his daily tasks at

different times before the trial, and required medical attendance and care, for which he incurred a liability of $125. The court directed the jury to allow no damages for future injuries. In the light of this evidence we cannot say that the amount of $750 awarded by the jury is so clearly excessive as to warrant any interference on the part of the court.

*By the Court.*—The judgment is affirmed.