## PAINTON v. CAVANAUGH et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. EVIDENCE (§ 334*)—COMPETENCY—CAUSE OF DEATH.
     In an action to set aside decedent's will and deed for want of mental capacity, a certificate of death issued by a health department was inadmissible to show that decedent died of arteriofibrosis and apoplexy.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1266–1272; Dec. Dig. § 334.*]

2. EVIDENCE (§ 553*)—EXPERT TESTIMONY—HYPOTHETICAL QUESTIONS—BASIS.
     A hypothetical question can be founded upon legal evidence only.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

Appeal from Trial Term, Rensselaer County.

Action by George W. Painton, as Henry Cavanaugh's committee, against Annie B. Cavanaugh, individually and as Patrick Cavanaugh's executrix, and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

See, also, 130 App. Div. 892, 114 N. Y. Supp. 1140.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas F. Galvin, of Troy (John B. Holmes, of Troy, of counsel), for appellants.

Peck & Behan, of Troy (John H. Gleason, of Troy, of counsel), for respondent.

LYON, J. [1] This action was brought pursuant to the provisions of section 2653a of the Code of Civil Procedure to determine the validity of the probate of the will, executed in February, 1906, of Patrick Cavanaugh, who died in November of that year, and also to set aside two deeds, executed in February, 1902 and March, 1906, respectively, upon the ground that at the time of the execution of the will and deeds Patrick Cavanaugh was mentally incompetent to execute the same. At the close of the trial, the court dismissed the complaint as to the deed executed in 1902, but submitted to the jury the questions as to whether the will and the deed of 1906 were the act and deed of Patrick Cavanaugh, to which the jury answered in the negative, which decision the court adopted and embraced in his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

findings. While much evidence was given as to the acts and declarations of Patrick Cavanaugh indicating his mental condition, yet in our opinion the verdict was not warranted by the evidence, and should have been set aside as against the weight of evidence and a new trial granted.

Furthermore, upon the trial the plaintiff offered in evidence an authenticated certificate from the health department of the city of Troy stating the name, age, place of death, and cause of death of Patrick Cavanaugh, to the admission of which defendant's attorney objected upon the ground that such certificate was incompetent, improper, inadmissible, and hearsay, and that the statements therein as to the cause of death could not properly be received in evidence, which objection was overruled and defendant duly excepted. This certificate stated the "chief cause of death arteriofibrosis," "other causes apoplexy," and was the only evidence offered upon the trial as to the causes of death. Embraced in the hypothetical question asked by plaintiff's attorney of the medical experts called by him was the cause of death as so stated in such certificate, to which question objection was specifically made that "there is no legal proof of the cause of death," which objection was overruled, exception taken, and the question answered.

Evidently the certificate of death was offered for the purposes of proving the causes of death to have been arteriofibrosis and apoplexy. It was inadmissible for that purpose. Beglin v. Metropolitan Life Insurance Co., 173 N. Y. 374, 66 N. E. 102.

[2] As the question at issue was the mental condition of Patrick Cavanaugh, this proof as to the cause of his death doubtless had an important bearing with the jury. One of the medical experts called by plaintiff testified that in answering the hypothetical question he took into consideration all the facts therein stated and based his opinion solely on those facts. No citation of authority is necessary to the effect that a hypothetical question can be founded upon legal evidence only.

For the reasons above stated, the judgment and the order denying the motion for a new trial must be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur.