## MOUNSEY, ADMINISTRATRIX, *v.* BOWER.

[No. 11,094.    Filed June 30, 1922.    Rehearing denied November 15, 1922.]

1. EVIDENCE.— *Hypothetical Questions.— Assuming Facts not Proved.*—In an action against an estate for nursing and caring for decedent, it was error to overrule defendant's objection to a hypothetical question propounded to a physician as to the value of claimant's services as a nurse, where the question assumed the performance of special services and certain expenditures by the nurse which there was no evidence to establish, and counsel for defendant failed to state that he expected to furnish the evidence to sustain the facts assumed in the question.    p. 649.

2. TRIAL.— *Hypothetical Questions.— Sufficiency of Supporting Evidence.—Questions for Court.*—Though the facts embraced in a hypothetical question need not be uncontroverted, nor supported by a preponderance of the evidence, it is nevertheless a question for the court, and not for the jury, whether there is any evidence to support the hypothetical facts.    p. 651.

3. APPEAL. — *Review. — Admission of Evidence. — Hypothetical Questions.—Lack of Supporting Evidence.*—It is error to permit a hypothetical question to be propounded to an expert witness where at the time there is no evidence to support the facts stated in the question, but the error is rendered harmless by the subsequent introduction of evidence to support the facts.    p. 651.

4. EVIDENCE.—*Opinion Evidence.—Answers of Expert Based on Knowledge of Case.*—An expert witness, in answering a hypothetical question, cannot base his answer on his own personal knowledge of the case in addition to the facts stated in the question, especially where the facts within his own knowledge are facts to which he is incompetent to testify.    p. 652.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Minta Bower against Mary A. Mounsey, administratrix of the estate of Sarah A. Williamson, deceased. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*W. H. Eichhorn* and *John H. Edris,* for appellee.

NICHOLS, J.—Appellee filed her claim against the estate of appellant's decedent, who was her mother, asking an allowance against the estate of $1,200 for twenty-four weeks' service at $50 per week, for nursing and caring for said decedent.

There was an answer in denial, and a trial by jury, which resulted in a verdict for $960. After appellant's motion for a new trial was overruled, an order of allowance against the estate was rendered for the amount of the verdict. The error assigned is the court's action in overruling the motion for a new trial. The substantial question presented by the motion is as to whether the court erred in overruling appellant's objection to a hypothetical question propounded to Dr. J. O. Taylor, witness for appellee, which question embraced, among other elements, the following: That the person for whom services were rendered was afflicted with arteriosclerosis, or hardening of the arteries, for three years or more and had all of the attendant physical ills; that her limbs were badly swollen, so much so that the skin burst, requiring additional treating and care; that the nurse in charge furnished the food for the sick person, also for herself, and the fuel, and did the washing for the sick person, both of the bedding and clothes, and employed such help as was required and paid the help with her own money. Appellant objected to the question for the reason that there was no evidence as to the foregoing hypothetical elements. The objection was

overruled, whereupon the witness testified that such services as were described in the hypothetical question were worth from $50 to $60 per week.

We find no evidence that the decedent had been afflicted with arteriosclerosis, or hardening of the arteries, for three years or more, with all of its attendant ills; no evidence that the decedent while with Mrs. Bowers, the appellee, had a dropsical condition that caused her limbs to swell so that the skin burst requiring care and treatment; this condition developing after she went to the home of Mrs. Mounsey, where she died; no evidence that appellee furnished food and fuel except as it may be inferred that she did so while the mother was in her home; no evidence that appellee employed such help as was required and paid the help with her own money. There was no other evidence by appellee as to the value of her services. There was no evidence corroborating Dr. Taylor's evidence.

Amanda F. Meyers, a witness called by appellant, testified that she nursed the decedent in the year 1917, and that the value of services such as were required for her was $15 per week.

Ellen Jane Borne, a witness for appellant, had been nursing for fifteen years, and she thought that $15 would be reasonable compensation for such services as were required.

Dr. George E. Fulton, a medical practitioner for forty years, testified that the value of such services as were required for the deceased would be from $12.50 to $15. We mention this testimony as to the value of services, not for the purpose of weighing the evidence, which is not our province, but to make it apparent that, assuming that all the witnesses intended to testify conscientiously, Dr. Taylor must have taken into consideration elements that the other witnesses did not consider, and because of the burden of

such elements must have fixed the value of the services even greater than the value of the services of a trained nurse testified to by him. He testified that he took as facts all the elements of the question in answering as to the value of services. But some of the elements, if true, were not proven, as aforesaid, and hence could not be considered. Under these circumstances, the hypothetical question to Dr. Taylor and his answers thereto, were of no value in fixing the compensation of appellee, and must have been misleading and prejudicial. There being no statement of appellee's counsel that he expected to furnish the required evidence, the objection to the question should have been sustained. See *Huston* v. *Roots* (1868), 30 Ind. 461; *City of Warsaw* v. *Fisher* (1899), 24 Ind. App. 46, 55 N. E. 42; *Taylor* v. *Taylor* (1910), 174 Ind. 670, 93 N. E. 9; *Lehman* v. *Knott* (1921), 100 Ore. 59, 196 Pac. 476; *Williams* v. *Brown, Exr.* (1876), 28 Ohio St. 547; *Pittsburg, etc., R. Co.* v. *Moore* (1903), 10 Ill. App. 304; *Snyder* v. *Zeller* (1903), 113 Ill. App. 34; *Pierson* v. *Chicago, etc., R. Co.* (1901), 116 Iowa 601, 88 N. W. 363; *Burnett* v. *Wilmington, etc., R. Co.* (1897), 120 N. C. 517, 26 S. E. 819; *Mc-Donald* v. *Rhode Island Company* (1904), 26 R. I. 467, 58 Atl. 391. In the last case cited the court says: "If facts are assumed in a hypothetical question which are clearly so exaggerated as to impair the opinion, or are such manifest assumptions as to be misleading, confusing and outside the evidence, or fair inferences from the evidence, it should be excluded, and their admission might be prejudicial error in a given [or specific] case." Other authorities to the same effect are: *Schnetzpy* v. *Zanto* (1921), 174 Wis. 160, 182 N. W. 757; *Levine* v. *Barry* (1921), 114 Wash. 623, 195 Pac. 1003; *Zimmern* v. *Standard, etc., Co.* (1921), 205 Ala. 580, 88 So. 743; *Union Pac. R. Co.* v. *McMican* (1912), 194 Fed. 393, 114 C. C. A. 311; *Ford* v. *Ford* (1911), 100 Ark. 518, 140 S.

W. 993; *Ney* v. *Eastern, etc., Co.* (1913), 162 Iowa 525, 144 N. W. 383; *Order of United Comm. Travelers* v. *Barnes* (1907), 75 Kans. 720, 90 Pac. 293; *Ky. Traction, etc., Co.* v. *Humphrey* (1916), 168 Ky. 611, 182 S. W. 854; *Painton* v. *Cavanaugh* (1912), 151 App. Div. 372, 135 N. Y. Supp. 418; *Kersten* v. *Great Northern, etc., R. Co.* (1914), 28 N. D. 3, 147 N. W. 787; *Missouri, etc., R. Co.* v. *Williams* (1910), 63 Tex. Civ. App. 368, 133 S. W. 499; *Missouri, etc., Iron Co.* v. *Ballard* (1909), 53 Tex. Civ. App. 110, 116 S. W. 93; *Guetig* v. *State* (1879), 66 Ind. 94, 104, 32 Am. Rep. 99; *Indianapolis, etc., Traction Co.* v. *Sherry* (1917), 65 Ind. App. 1, 116 N. E. 594; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 420, 3 N. E. 389, 4 N. E. 908; *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 263, 112 N. E. 775; *Knutson* v. *Moe Bros.* (1913), 72 Wash. 290, 130 Pac. 347; *Dopman* v. *Hoberlin* (1855), 5 Cal. 437; *Carpenter* v. *Bailey* (1892), 94 Cal. 416, 29 Pac. 1101; *Woolner* v. *Spaulding* (1887), 65 Miss. 204, 3 So. 583; *In re Lyddy's Will* (1889), 53 Hun 629, 5 N. Y. Supp. 636; *Reber* v. *Herring* (1887), 115 Pa. 599, 8 Atl. 830; *Roche* v. *Baldwin* (1904), 143 Cal. 186, 76 Pac. 956; *Roark* v. *Greeno* (1900), 61 Kans. 299, 59 Pac. 655; *Bennett* v. *Town of Mt. Vernon* (1904), 124 Iowa 537, 100 N. W. 349; *Bennett* v. *City of Marion* (1903), 119 Iowa 473, 93 N. W. 558; *Smart* v. *Kansas City* (1902), 91 Mo. App. 586; *Clark* v. *Riter-Conley Co.* (1899), 39 App. Div. 598, 57 N. Y. Supp. 755; *Smith* v. *Manhattan R. Co.* (1905), 48 Misc. Rep. 393, 95 N. Y. Supp. 529; *Ruscher* v. *City of Stanley* (1904), 120 Wis. 380, 98 N. W. 223.

Appellee's learned counsel, contending with much force that the hypothetical question was a proper question, says that it is for the jury to determine as to the value of the question, and as to whether the facts have been proven.   It is undoubtedly

**2, 3.**

the law that it is not necessary that the hypothetical facts should be uncontroverted, or that they should be clearly proved, or that they should be proved by a preponderance of the evidence. And such fact may be properly embraced in a hypothetical question, though a strong preponderance of the evidence is against its verity. But at the time of the question or thereafter there must be some evidence of the fact, or its inclusion will constitute error, and if the fact, but unproved, is of such a character as to have influenced the jury in its verdict, it is of course harmful and ground for reversal. To say that it is for the jury, and not for the court, to determine as to whether there was any evidence to support the hypothetical fact, would be a clear invasion of the prerogative of the court in determining the competency or incompetency of the proffered evidence. When the question contains hypothetical facts of which there is at the time no evidence, the court then and there commits error in admitting it, but the introduction of such required evidence thereafter makes such error harmless.

There is another cogent reason why this judgment must be reversed. Dr. Taylor had been the deceased's attending physician, and he testified that all the knowledge that he had of her he had gained while making professional calls. He was properly, of course, precluded from testifying as a witness to knowledge gained while acting in such capacity. On cross-examination he testified that he drew on information of his own in answering the hypothetical question. Appellant thereupon moved the court that the answer be stricken out, which motion was overruled. It is elemental that, in answering a hypothetical question, a witness can take into consideration no facts within his own knowledge and not in evidence—certainly not when the facts within his own knowledge which he takes into consideration are facts about which he is wholly incompe-

tent to testify, and which were not made a part of the hypothetical question. The principle here involved is so thoroughly discussed in *Burns, Exr.*, v. *Barenfield* (1882), 84 Ind. 43, that we conclude to quote from it at page 48, as follows:

"The opinion of an expert must be based upon proved or admitted facts, or upon such as are assumed for the purpose of a hypothetical question. The answer of the witness was not based upon facts stated by him. What he knew about the case might, and doubtless did, embrace much more than he had stated to the jury; how much or what he knew about the case was, in a great measure, unknown to the court and jury. It is the clear right and duty of the jury to judge of the truth of the facts upon which the opinion of the expert is based. If his opinion is based upon what he may suppose he knows about the case, upon facts, it may be, altogether irrelevant and unknown to the jury, it would be impossible for them to pass upon the truth of the facts upon which the opinion may be based, or to apply the opinion of the expert to the facts. Neither court nor jury can know the facts upon which the opinion rests. It is obvious that where the expert delivers his opinion from what he supposes he knows about the case, he must assume and exercise both the functions of the court and the jury —he determines that what he knows is both relevant and true. The relevancy of the facts must be determined by the court; their truth by the jury. The witness cannot pass upon such questions. He must give his opinion upon facts testified to by him, other witnesses, or upon facts agreed to or assumed hypothetically. *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99). In the case of *Kempsey* v. *McGinniss*, 21 Mich. 123, in speaking of expert or professional witnesses, the court says: 'But in the case of such professional witnesses, as well as in that of unprofessional witnesses,—who are allowed to give their

opinions only from personal observation,—the facts upon which the opinion is founded must be stated, and the jury must be left to determine whether the facts stated, as well as the opinions based upon them, are true or false.   And it is obvious that when such opinions are given without personal knowledge or observation, such opinions may be based either upon facts observed and stated by other witnesses who knew them, or upon a state of facts assumed for the purpose as a hypothetical case, which the jury may find from the evidence.' "

Alleged errors in giving instructions and alleged improper conduct of counsel are not necessarily involved in another trial, and we therefore do not consider them.

The judgment is reversed, with instructions to the trial court to grant a new trial.

Batman, C. J., McMahan and Enloe, JJ., concur. Remy, J., concurs in result.

Dausman, J., concurs with an opinion.

· CONCURRING OPINION.

DAUSMAN, J.—I concur; but I am of the further opinion that the matter involved in the hypothetical question is not a proper subject for expert testimony.   See 17 Cyc 121; *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; *Wahl* v. *Shoulders* (1896), 14 Ind. App. 665, 43 N. E. 458; *Boyd, Admr.*, v. *Starbuck* (1897), 18 Ind. App. 310, 47 N. E. 1079.