## OHIO ELECTRIC RAILWAY COMPANY *v.* LEASE.

### [No. 23,291.    Filed November 26, 1918.]

1. CARRIERS.—*Duty to Passengers Boarding Cars.—Liability for
   Injuries.*—Where an interurban car had stopped and the plaintiff, who was carrying two valises, attempted to board it, the
   act of the conductor, who was on the rear platform, in reaching down and taking one of the valises amounted to an invitation to the plaintiff to board the car, and his signaling to the
   conductor to start the car while the plaintiff was in the act
   of stepping to the vestibule from the lower step, thus causing
   the plaintiff's injury, was negligence for which the company is
   liable, whether the place happened to be at, or near, a regular
   stopping place. p. 670.
2. APPEAL.—*Harmless Error.—Instructions.*—In an action against
   an interurban railway company for injuries, an instruction as
   to the time when the relation of carrier and passenger begins,
   if erroneous, was harmless where the rule of liability for negligence on the part of the company as stated therein was predicated on an actual acceptance of the passenger by the company.
   p. 671.
3. TRIAL. — *Instructions. — Requests Covered by Instructions
   Given.*—There was no error in refusing requested instructions
   which, in so far as correct, were covered by other instructions
   given. p. 672.

From Allen Circuit Court; *J. W. Eggeman,* Judge.

Action by Schuyler M. Lease against the Ohio Electric Railway Company. From a judgment for the plaintiff, the ·defendant appeals. (Transferred from the Appellate Court under §1405 Burns. 1914, Acts 1901 p. 590.) *Affirmed.*

*Cable & Cable, Walter Olds* and *W. H. Tschannen,* for appellant.

*Christian & Christian* and *Breen & Morris,* for appellee.

SPENCER, J.—This appeal challenges a judgment recovered by appellee on account of personal injuries which he sustained in a fall from one of appellant's interurban cars. All the questions presented arise out of the giving and refusal of certain instructions, but a proper consideration of these questions requires a brief reference to the allegations of appellee's complaint. Omitting the formal averments, which show the ownership of appellant's cars and the fact of their operation over and along certain streets in the city of Fort Wayne, the complaint alleges: That, on the date of appellee's injury, he approached one of appellant's cars which had come to a full stop near the intersection of Calhoun and Berry (Main) streets in said city, and there sought to become a passenger on said car; "that the plaintiff has been disabled in his arms for many years, having a deformity of his arms, which prevents him from having free use of his arms and hands; and upon said date the plaintiff was carrying two grips by means of straps and other contrivances, and as the plaintiff approached said car while it was so standing still, the conductor who was then in charge of said car reached down and took one of his grips from the plaintiff and, as plaintiff stepped upon the lower step of said car and before the plaintiff had gained the platform of said car, the servants of said defendant who were then

in charge of said car caused said car to start around the curve which connected the tracks of said company in Calhoun street with those in Berry (Main) street, * * * and as said car was so started, the plaintiff had grasped the railing of said car with his left hand and at said time a heavy grip was fastened to his crippled right hand with a strap, and when said car was so started the said plaintiff had his left foot upon the lower step of said car, and the negligent and careless starting of said car jerked and hurled plaintiff backward and around so that the plaintiff was hanging with his left hand upon said car and his back pulled against the rear of the said car and his feet dragging the ground, and while said plaintiff was in such position the said car traveled around the said curve and did not stop until the said curve was completed; that the crippled condition of plaintiff was apparent to the conductor who was in charge of said car and well known to said conductor."

Under the issues thus tendered the trial court gave to the jury certain instructions which, it is contended, erroneously authorized a recovery on proof of the facts alleged in appellee's complaint, regardless of whether appellant's car was at a regular stopping place when appellee attempted to board it or was necessarily stopping at any other point along its right of way.

There is some evidence in the record which tends to show a custom on the part of appellant to receive passengers at the place in question but, in any event, 1. this case falls within the decision in *Union Traction Co.* v. *McVey* (1916), 185 Ind. 698, 114 N. E. 438, 439, that "where it appears: (a) that the car was moving slowly (or had stopped, as in this case); (b) that the injured person had indicated a desire to become a passenger thereon; (c) that the conductor in charge had extended an express invitation to such person to become a passenger; and (d) that he became a

passenger in response to such invitation and was actually on the steps of the car mounting to the vestibule, the duty then devolved on the conductor, *knowing these facts,* not to increase the speed of the car in a quick or sudden manner without giving the passenger a reasonable opportunity to mount the steps in safety, whether the place happens to be at the precise point known as a regular stopping place or near there." See, also, 1 Nellis, Street Railways (2d ed.) §§300, 301, and cases cited.

The evidence in the present case does not show that appellant's conductor extended an express verbal invitation to the injured person to become a passenger, as in the McVey case, but there is evidence to the effect that, when appellee sought to board the car, the conductor, who was on the rear platform, reached down and took one of appellee's grips and then pulled the bell rope as he pitched the grip into the doorway of the car. His act in accepting the grip, at a time when the car was at a standstill, amounted to an invitation to appellee to become a passenger and justifies a full application of the rule announced in *Union Traction Co.* v. *McVey, supra.*

We do not undertake a specific discussion of each of the instructions to which objection is urged for the reason that such objections are, for the most part, 2. based on inaccuracies of expression rather than on errors of substance. Instruction No. 5, given at the request of appellee, does contain an incomplete, and perhaps an inaccurate, statement of the law as to when the relation of carrier and passenger first obtains, but the rule of liability for negligence on the part of the carrier, as therein stated, is predicated on an actual acceptance of the passenger by the carrier, and the error, if any, is therefore harmless.

The refusal of instructions Nos. 2, 4, 8, 10 and 12, tendered by appellant, was proper for the reason that

said instructions, in so far as they contain correct
3. statements of the law, were covered, in their sub-
   stance, by instructions Nos. 5, 6, 7 and 13 given
at the request of appellant and instruction No. 2 given
by the court on its own motion.

The charge as a whole states the law applicable to the
issues in terms as favorable as appellant was entitled,
and we see no reason to disturb the judgment of the trial
court.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 1. Carriers: liability for start-
ing car before passenger is seated, 42 L. R. A. (N. S.) 294, 4
L. R. A. (N. S.) 558, L. R. A. 1915A 797; when intending pas-
senger actually becomes such, Ann. Cas. 1917C 1206. See under
(1) 10 C. J. 938.