MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
v. JAY.

[No. 16,939.   Filed December 1, 1942.]

384

*Louis W. Dawsoñ,* of New York City, *James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* all of Fort Wayne, for appellant.

*Hillis & Hillis,* of Logansport, and *McClure & Shenk,* of Kokomo, for appellee.

FLANAGAN, P. J.—This is an action brought by appellee, Lola B. Jay, against appellant, The Mutual Life Insurance Company of New York, to recover disability benefits alleged to be due appellee under a certain policy of life insurance issued her by appellant, and to recover premiums which appellee alleged she paid upon appellant's wrongful refusal to waive them. The sole issue of fact is whether or not appellee was totally and permanently disabled within the terms of the policy from November, 1939 to and including September, 1940.

Trial was had before a jury which returned a verdict in favor of appellee. Appellant filed a motion for a new trial which was overruled and judgment was rendered upon the verdict. Appellant's sole assignment of error on appeal is the overruling of its motion

for a new trial and it thereby challenges the rulings of the trial court in the admission of certain evidence and the sufficiency of the evidence.

One Dr. W. R. Hickman, who had examined appellee on April 9, 1941, at the request of the court, was placed on the stand as a witness by appellee. He stated that he had examined appellee on April 9, 1941, and was then asked to state what examination of her right eye was made and appellant interposed an objection which was sustained. The witness was then asked the following questions and made the following answers:

Q. "Based upon the examination which you made on that date, do you have an opinion as to whether or not the vision of Mrs. Jay in the right eye was impaired between October, 1939 and September, 1940?"

A. "I have an opinion."

Q. "What is that opinion?"

A. "My opinion is that Mrs. Jay, according to his history and objective findings, probably had some impairment of vision in the right eye prior to the date of my examination."

To each of the above questions appellant interposed an objection and to the last answer a motion to strike, each of which were overruled. The witness then testified without objection as to the history given him by appellee.

Appellant seeks reversal because the answer last above set forth was permitted to go to the jury although they did not have the facts found by the doctor's examination of appellee's right eye on April 9, 1941, which formed part of the basis for his opinion.

It is true that ordinarily an expert must testify to the facts upon which his opinion is based when it is

based in whole or in part upon his personal observation and examination. *Burns, Executor,* v. *Barenfield* (1882), 84 Ind. 43; *Mounsey, Admx.,* v. *Bower* (1922), 78 Ind. App. 647, 136 N. E. 41. But here the only reason the jury has failed to receive such facts is because appellant succeeded in having sustained an objection to its hearing them.

Appellant says that the opinion of the witness would be proper had the jury been permitted to hear about his examination of the right eye. This is saying in effect that the error of the trial court was in denying that information to the jury. And this result was brought about by the appellant. It cannot now be heard to say that the judgment should be reversed because the trial court made its error at the special instance and request of appellant. *Attica Bldg. & Loan Assn.* v. *Colvert* (1939), 216 Ind. 192, 23 N. E. (2d) 483.

Appellant next complains that Dr. Robert J. Masters, a witness for appellant, was compelled to answer upon examination a hypothetical question stating facts not established by any evidence. The witness had testified that he had examined appellee's right eye but had not examined her nose and throat and that from his examination he was of the opinion that the eye was in every respect normal. On cross-examination he was asked whether or not a certain condition of the throat, if the throat had been examined and such condition found, would have been proper to take into consideration in reaching an opinion as to the condition of the eye. Appellant's objection to the question was overruled and he answered that it would.

It is perfectly proper on cross-examination of an expert to ask such questions as will reveal the skill

and knowledge of the subject of such expert and determine whether he made such examination of the subject as would enable him to express a properly formed opinion. *The Louisville, New Albany and Chicago Railway Company* v. *Falvey* (1885), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; *Davis* v. *State* (1871), 35 Ind. 496.

Such was the evident purpose and effect of the question objected to. We see nothing improper about it.

Finally appellant contends that the verdict is not sustained by sufficient evidence and points to many conflicts and inconsistencies in it. We have examined the evidence carefully and although much conflict exists there is nevertheless ample evidence both medical and lay from which the jury could find that appellee was totally and permanently disabled within the terms of the policy during the period of time involved. This court will not weigh conflicting evidence.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 1020.