## LANE *v.* GUGSELL

[No. 16,866.   Filed April 5, 1943.   Rehearing denied April 30, 1943.   Transfer denied September 21, 1943.]

·*Padgett & Rogers,* of Washington, *Lane & Lane,* of Jasper, and *Samuel A. Lambdin,* of English (*Hammond, Buschmann, Roll & Alexander,* of Indianapolis, of counsel), for appellant.

*Louis A. Savage,* of Jasper, and *Lutz, Johnson & Lutz,* of Indianapolis, for appellee.

DRAPER, J.—The appellee filed this action to recapture a piece of real estate which he had previously deeded to the appellant. The complaint was in two paragraphs, a demurrer to each of which was overruled with exceptions to the appellant. The court found for the appellee and appointed a commissioner to reconvey the property to him. The assigned errors are the overruling of the demurrer to each paragraph of the complaint, the exclusion of certain additional evidence offered by appellant at the time of the ruling on the motion for

new trial, and the overruling of the motion for new trial.

The evidence most favorable to the appellee discloses that he is a medical doctor. Upon the death of his mother he inherited the property in question and shortly thereafter employed the appellant, an attorney-at-law, to attend to the estate matter and to defend a suit on a note which was filed against appellee within a day or two after his mother's death. The suit on the note resulted in a judgment against the appellee but a new trial was granted and on the same day and while said suit was pending for re-trial, he deeded the property to the appellant. The conveyance was at the appellant's suggestion, and without consideration, but upon appellant's promise to reconvey after the final settlement of the litigation. The appellee had confidence in and trusted the appellant to reconvey as promised. The conveyance was suggested and made for the purpose of "saving" the property to the appellee, or in other words to cheat, delay and defraud the appellee's creditors and was in direct violation of § 10-2117, Burns' 1940 Replacement, which provides a penalty of fine and imprisonment for one to make or aid in making a conveyance of land or any interest therein for such purpose. Some time after the transfer of the property the appellant suggested that he should begin collecting the rents so that the transaction would not have the appearance of a "crooked" deal. This was assented to by appellee and for a time the appellant did collect the rents. At a conditional examination taken in connection with the suit on the note, and after the conveyance of the property, the appellee and his wife gave perjured testimony to the effect that the appellant had paid $1,300.00 cash for the property and assumed a mortgage against it. This false testimony was suggested

by the appellant and he coached the witnesses in it before they testified. The note liability was later compromised and settled by part payment of it and the appellee demanded reconveyance, which was refused.

The evidence was conflicting. The appellant denied wrong-doing and insisted that he paid $1,300.00 cash for the deed. His version of the transaction, however, does not seem to us to be in accord with the probabilities and there is abundant evidence to support the finding of the court.

It is contended by the appellant that the evidence most favorable to the appellee discloses such fraud and wrongful conduct on his part as to place the parties *in pari delicto,* and that the law will leave the appellee where it finds him.

It is the general rule that one who vests the legal title to his property in another for the purpose of putting it out of the reach of and defrauding his creditors, cannot recover the property on the theory that there was no consideration for the conveyance or that there was an agreement to reconvey. *Bellin* v. *Bloom et ux.* (1940), 217 Ind. 656, 28 N. E. (2d) 53.

An exception to the rule is that when a relation of trust and confidence exists, and the party in whom trust is reposed has obtained a benefit, the burden will be upon him to show that the transaction was fair and proper, and relief will not be denied the one least at fault if he has been led into the illegal transaction because of ignorance and reliance upon and trust in the other. *Novak et al.* v. *Nowak* (1940), 216 Ind. 673, 25 N. E. (2d) 993, and where it appears that the public interests will be better promoted by granting relief to the plaintiff than by denying it, courts of equity, acting with proper caution, may inter-

vene even though the parties are equally guilty. *Gilchrist et al.* v. *Hatch* (1915), 183 Ind. 371, 106 N. E. 694.

It must be admitted that the appellee was not misled by reason of ignorance, illiteracy or lack of understanding, for he was a man of intelligence and education and understood the impropriety of his conduct. Nevertheless we are of the opinion that under the facts in this case, while the parties are *in delicto* they should not be considered to be *in pari delicto*. "A client may . . . avoid or set aside a transfer to his attorney, even where the transfer is for the declared purpose of hindering and delaying the creditors of the client, as the law does not in such a case regard the client as being in pari delicto." 7 C. J. S., § 128 c., p. 971. One was legal adviser, the other client. One, familiar with the law and sworn to support it, suggested and advised; the other, distressed and seeking legal advice and counsel, trustingly followed. An attorney who induces the perpetration of fraud by those who seek and follow his advice, and who sees and seizes an opportunity to profit by the nefarious scheme, at the expense of his client, should not be permitted to retain the fruits of his misconduct. An attorney who makes use of his peculiar influence over his client to procure a contract which is illegal and contrary to public policy, may not invoke the aid of the law to enable him to retain that which he has obtained through his fraudulent artifices. *Herrick* v. *Lynch, et al.* (1894), 150 Ill. 283, 37 N. E. 221. *Lindsley* v. *Caldwell* (1911), 234 Mo. 498, 137 S. W. 983, 37 L. R. A. (N. S.) 161.

On the same day and just before the motion for new trial was ruled upon, the appellant filed his written

motion for permission to introduce additional evidence under Rule 1-8, 1940 Revision of Rules of the Supreme Court of Indiana, and said motion set forth the evidence that was sought to be introduced. The court overruled this motion and the appellant claims error. The rule in question reads as follows:

"Power of Court in Cases Tried Without a Jury. On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment."

Under this rule the court may, in its discretion, take additional testimony, but cannot be required to re-open the case for the admission of further evidence. Such would be an endless process. If the evidence offered was newly discovered evidence, the question could have been presented under the statutes providing for that situation. No attempt is made to show that the evidence was newly discovered or that it could not have been presented at the time of the trial. Moreover we have examined the offered evidence with great care and we are of the opinion that if admitted it could not have affected the result.

We are asked to reverse because of alleged error in overruling the demurrer to the separate paragraphs of the complaint, but we do not find it necessary to decide the correctness of that ruling. We are not required to make our examination of the record in such a case as this so searchingly technical, if fairly sustainable, as to overthrow a just judgment against an officer of the court who has become enmeshed in a net of his own weaving. *Clark* v. *Millsap* (1926), 197 Cal. 765, 242 P. 918. Our statute

(§ 2-3231, Burns' 1933) provides that no judgment shall be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below.

When, on appeal, it affirmatively appears from the whole record, as it appears here, that a ruling on a demurrer, though erroneous, did not prejudice the adverse party, and that the case was fairly tried and determined on its merits, it is our duty to affirm regardless of such error. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337, 149 N. E. 652.

All of the facts and circumstances leading up to and surrounding this transaction were testified to by the parties and other witnesses and much pertinent written evidence was admitted for the consideration of the court and from the entire record we are led to the conclusion that a correct result was reached and justice rendered so far as such a thing is possible in a case of this kind. We are persuaded that a retrial of the cause would necessarily have the same result and under such circumstances it is not within our province to reverse the judgment of the lower court. *The Commercial Union Fire Insurance Company of New York* v. *Wade et al.* (1937), 103 Ind. App. 461, 8 N. E. (2d) 1009.

Judgment affirmed.

Blessing, C. J., not participating.

NOTE.—Reported in 47 N. E. (2d) 835.